IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CARLOS RAY FRAZIER                                                                                  PLAINTIFF
#650936

v.                                              4:22CV00661-BSM-JTK

SLOAN                                                                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Carlos Ray Frazier ("Plaintiff") is in custody at the W.C. "Dub" Brassell Adult Detention Center. He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). In a July 21, 2022 Order, the Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 3). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

Plaintiff alleges that on July 12, 2022, Defendant Sloan slapped Plaintiff on the head for no reason at all, while Plaintiff was handcuffed. (Doc. No. 2 at 4). Plaintiff sued Defendant Sloan in her official capacity only. (Id. at 1-2). Plaintiff seeks damages and injunctive relief. (Id. at 5).

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's claims against Defendant Sloan are the equivalent of claims against Jefferson County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights. As such, Plaintiff cannot establish liability and his claim against Defendant Sloan fails.

In the July 21, 2022 Order, the Court explained why Plaintiff's claim against Defendant Sloan fails. (Doc. No. 3). The Court specifically instructed Plaintiff that any Amended Complaint he wishes to file "should explain the reasons for an official capacity claim," among other things. (Id. at 4). As mentioned above, Plaintiff has not filed an Amended Complaint. On August 8, 2022 Plaintiff did file a Motion to Clarify, which was granted. (Doc. Nos. 4, 5). In his Motion to Clarify, Plaintiff asked why he "need[s] to file another complaint about Corporal Sloan" when he already set out his claims against her in his original pleading. (Doc. No. 4). The Court directed Plaintiff to the July 21, 2022 Order in which the Court explained why Plaintiff's claims, as set out in his Complaint, fail. (Doc. No. 5). Additionally, the Court ordered the Clerk of the Court to send another copy of the July 21 Order to Plaintiff. Despite the Court's advice, Plaintiff has not amended his Complaint.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 23rd day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."